**WO**                                                                      SVK

1
2
3
4
5
6                  **IN THE UNITED STATES DISTRICT COURT**
7                     **FOR THE DISTRICT OF ARIZONA**
8
9   Forrest Dunbar,                    )    No. CV 06-2544-PCT-SMM (MEA)
                                       )
10            Plaintiff,               )    **ORDER**
                                       )
11  vs.                                )
                                       )
12                                     )
    U.S.D.A. Forest Service, et al.,   )
13                                     )
                                       )
14            Defendants.              )
                                       )
15  ─────────────────────────────────

16          Plaintiff Forrest Dunbar, confined in the Arizona State Prison Complex in Yuma,

17  Arizona, filed a *pro se* civil action against the United States Department of Agriculture Forest

18  Service alleging breach of contract.  Plaintiff did not pay the $350.00 civil action filing fee

19  or file a proper Application to Proceed *In Forma Pauperis* with his Complaint, so by Order

20  filed November 6, 2006, the Court gave Plaintiff 30 days to file a proper Application to

21  Proceed *In Forma Pauperis* (Doc.#6).

22          On November 24, 2006, Plaintiff filed an Application to Proceed *In Forma Pauperis*

23  (Doc. #9).  This Application is also defective as it does not contain a certified trust account

24  statement from the Arizona Department of Corrections Central Office as required by this

25  Court's November 6th Order; the Application will be denied.  However, the Court will not

26  give Plaintiff another opportunity to file a proper Application to Proceed *In Forma Pauperis*

27  with this Court because this Court lacks subject matter jurisdiction to hear the action.  The

28

JDDL

Court will direct the Clerk of Court to transfer the action to the Court of Claims and to close the civil case opened in this Court.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Plaintiff's Complaint will be transferred to the Court of Claims, which has exclusive jurisdiction over Plaintiff's claims.

**II.    Jurisdiction of the Claims is with the Court of Claims**

Plaintiff has filed an action claiming breach of contract by the United States Department of Agriculture Forest Service.  According to the Complaint and Motion for Injunction and Restraining Order, Plaintiff alleges that he had a contract with the Forest Service that "involves the purchase of a common variety material known as flagstone by Plaintiff from Defendant" (Doc.#5, ¶ 3).  He alleges that Defendants breached the contract by instructing Plaintiff's subcontractors to vacate the contract area and by imposing an unconscionable bond increase.  (Id., ¶¶4-6.)

The Contract Disputes Act (CDA), 41 U.S.C. §§ 601-613, provides the exclusive remedies in the Federal Circuit for federal contractors with claims against the government relating to a contract.  28 U.S.C. § 1346(a)(2).  In Mendenhall v. Kusicko, 857 F.2d 1378, 1379 (9th Cir. 1988), the plaintiff appealed the district court's dismissal of his contract claims against the Forest Service, which were dismissed for lack of subject matter jurisdiction.  The Ninth Circuit held that the plaintiff's claim against the Forest Service for breach of timber sales contracts was subject to the CDA because his claim was founded on an express contract within the meaning of 28 U.S.C. § 1346(a)(2) and a timber sale contract was one for the disposal of personal property within the meaning of 41 U.S.C. § 602(a).  The

JDDL

- 2 -

1    court ordered the action transferred to the Court of Claims pursuant to 28 U.S.C. § 1631,

2    which directs that when a court finds that it lacks jurisdiction, it shall transfer the action to

3    the proper court if such transfer is in the interests of justice. Id.

4         Here, as in Mendenhall, Plaintiff alleges claims based on express contract and the

5    flagstone purchase contract is one for the disposal of personal property.   Therefore,

6    Plaintiff's claims are subject to the CDA, and exclusive jurisdiction lies in the Court of

7    Claims; therefore, this Court lacks subject matter jurisdiction.  The Court will transfer the

8    action to the Court of Claims for further proceedings. Accordingly,

9         **IT IS ORDERED:**

10        (1)    Plaintiff's Application  Application to Proceed *In Forma Pauperis* (Doc. # 9)

11   is **denied** without prejudice.

12        (2)    The Clerk of Court must transfer the action to the Court of Claims and close

13   the civil case opened in this Court.

14        DATED this 8th day of December, 2006.

15

16                                    Stephen M. McNamee
                                      United States District Judge
17

18

19

20

21

22

23

24

25

26

27

28